UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| CHAMBERS OF<br>STEPHANIE A. GALLAGHER<br>UNITED STATES MAGISTRATE JUDGE | 101 WEST LOMBARD STREET<br>BALTIMORE, MARYLAND 21201<br>(410) 962-7780<br>Fax (410) 962-1812 |

February 26, 2013

Jacqueline Y. McCready
2339 Hudson Road Apt. 108
Cambridge, MD 21613

Alex S. Gordon, Esquire
Office of the United States Attorney
36 S. Charles Street Fourth Fl
Baltimore, MD 21201

      RE:    *Jacqueline McCready v. Commissioner, Social Security,*
                Civil No. SAG-12-3262

Dear Ms. McCready and Counsel:

      This case has been assigned to me by consent of the parties. [ECF Nos. 6, 7]. I have reviewed the Commissioner's Motion to Dismiss [ECF No. 12] and Ms. McCready's Opposition [ECF No. 14]. For the reasons set forth below, the Commissioner's motion is GRANTED and the complaint is DISMISSED.

      On August 29, 2012, the Appeals Counsel mailed Ms. McCready notice of its decision denying her request for review of an adverse decision from an Administrative Law Judge. Jones Decl, Ex. 2. That notice also advised Ms. McCready of her right to commence a civil action within 60 days from receipt of the notice. *Id.,* 42 U.S.C. 405(g) and (h). The Commissioner's regulations have interpreted the statute to permit sixty-five days from the date of the notice, to allow sufficient time for mailing the notice. 20 C.F.R. 404.901, 422,210(c). Ms. McCready has not alleged that she received the notice outside of the statutory time period. Ms. McCready therefore had to file a civil action on or before November 2, 2012. Instead, Ms. McCready filed her complaint on November 6, 2012. [ECF No. 1].

      Although Ms. McCready is *pro se*, she argues, in effect, that circumstances justify equitable tolling of the statute of limitations. She contends that she was relying on her mental health provider to handle her paperwork, and that she believed her mental health provider was qualified to perform such tasks. Opp. 1. However, a mental health provider is not an attorney, and cannot be expected to have a sufficient grasp of legal requirements to provide adequate representation in a court proceeding. Moreover, even had she relied on an attorney who made a

*Jacqueline McCready v. Commissioner, Social Security,*
Civil No. SAG-12-3262
February 26, 2013
Page 2

similar mistake, courts have routinely found that reliance on erroneous attorney advice does not warrant equitable tolling. *See Harris v. Hutchinson*, 209 F.3d 325, 330-31 (4th Cir. 2000) (collecting cases).

"Because of the importance of respecting limitations periods, equitable tolling is appropriate only 'where the defendant has wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action." *Kokotis v. U.S. Postal Service,* 223 F.3d 275, 280 (4th Cir. 2000). Ms. McCready has not alleged, and the record does not reflect, any misconduct on the part of the Commissioner. As a result, equitable tolling is not warranted, and the Commissioner's Motion to Dismiss must be granted.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge